IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TAWANDA AEIAH SEARS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:19-cv-178-LSC-CSC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court is Tawanda Aeiah Sears's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Doc. 1.[1] For the reasons discussed below, the Magistrate Judge finds that Sears's § 2255 motion should be denied without an evidentiary hearing and that this action should be dismissed with prejudice. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

**I. INTRODUCTION**

In March 2016, a grand jury in the Middle District of Alabama returned a two-count indictment charging Sears and three codefendants with carjacking, in violation of 18 U.S.C. § 2119, and brandishing a firearm to further a crime of violence (i.e., the carjacking), in

---

[1] Unless otherwise indicated, references to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

violation of 18 U.S.C. § 924(c)(1)(A)(ii).[2] Doc. 12-3. Sears's case came to trial on September 6, 2016. Docs. 12-1, 12-2. The Eleventh Circuit summarized the trial evidence:

> The evidence showed that in August of 2014, a man named Jeffrey Allen responded to an online ad for an unusually inexpensive 1989 Mercury Grand Marquis with chrome rims. He spoke to the seller, Stanley Hinton, and arranged to drive from his home in Butler County, Alabama, to make the purchase in Columbus, Georgia. But when Allen arrived at the service station where they had agreed to meet, Hinton, accompanied by an associate named Jacinto Robinson, told Allen they would have to drive a few miles down the road to pick up the car from Hinton's home. When Allen got there, he saw Sears watching them from Hinton's front porch. Hinton introduced her as his girlfriend. Allen also noticed another man inside the house. At one point the man stepped outside, and Sears turned toward him and said the words "not here."
>
> Despite the unusual circumstances, Allen went ahead with the purchase. He paid Hinton for the car in cash, and Sears wrote up a bill of sale that she and Allen both signed. Allen, however, departed without receiving the vehicle's title, though Hinton assured him he had it and promised to send it in the coming days. Only much later would Allen learn that Sears had actually pawned the vehicle's title in order to get a loan several months before.
>
> A few days later, Allen received a call from Sears letting him know that the car's chrome rims were actually leased and not yet fully (or even close-to-fully) paid off. She gave him the option of paying off the balance (around $1,000) or returning them. Allen, however, sought a third option: return the Grand Marquis, rims and all, and get his money back. Sears apparently agreed to that, and Allen arranged to meet Hinton at a gas station in Opelika, Alabama, to drop off the car and recover his money.
>
> When Allen arrived, he saw a silver Dodge Charger parked on the premises. Hinton was seated in the passenger's seat, Sears in the driver's seat, and Robinson in the back. Allen could see no one else in the Charger. Hinton and Robinson got out and told Allen they heard a "tapping" noise coming from the Grand Marquis's engine, and after inspecting it, they insisted on taking it for a short test drive. Robinson climbed in to take the wheel, but

---

[2] Sears was charged along with Stanley Hinton, Jacinto Robinson, and Delricco Ray Jones. The indictment charged Sears and his codefendants with aiding and abetting each other in the offenses, 18 U.S.C. § 2. Doc. 12-3 at 1–2.

> Allen grew suspicious and seated himself in the passenger's seat. Together they drove slowly around towards the back of the gas station near some diesel fuel pumps, when suddenly Robinson hit the accelerator. Allen reacted quickly and swung the gear shift into park, bringing the Grand Marquis to a halt. Sears, however, drove the Charger up right behind them, and a man emerged from the vehicle pointing a handgun at Allen. Perhaps needless to say, Allen got out. The gunman, who turned out to be Delricco Ray Jones, then got in the Grand Marquis, and Robinson sped off as Sears followed closely behind in the Charger. No one ever returned Allen's money.
>
> All of this came out at trial via testimony from a number of witnesses—most notably Allen himself, who walked through his firsthand knowledge of the major events. Other witnesses fleshed out the details. Lisa Denae Johnson, a local pawn shop employee, testified that Sears had taken out a loan from her in January of 2014, providing the title to a 1989 Mercury Grand Marquis as collateral. She testified that Sears's loan was not fully paid off until June 4, 2014. Danny Thomasson, the accounts manager at a Columbus, Georgia, tire shop, testified that in July of 2014, Sears (along with a number of cosigners) rented a set of twenty-six-inch chrome rims for a 1989 Mercury Grand Marquis, and that the rims were not fully paid off until September 6, 2014. Elicia Allen, Jeffrey Allen's cousin, testified that she accompanied him to Opelika and witnessed the carjacking. She specifically mentioned that while she "didn't get a good look" at the Charger, she could see "two males and a female, and the female was driving." And John Hester, a detective with the Opelika Police Department, testified that in an interview with Sears in October of 2014, Sears initially denied ever having been to Opelika but soon admitted that she had gone there the month before "to get the car back from Jeffrey Allen because there was an issue over the title."

*United States v. Sears*, 734 F. App'x 685, 686–87 (11th Cir. 2018).

On September, 7, 2016, the jury returned a verdict finding Sears guilty of carjacking as charged in Count 1 of the indictment. Doc. 12-2 at 124. However, the jury could not reach a verdict on Count 2, brandishing a firearm to further a crime of violence, and the district court entered an order declaring a mistrial on that count. Doc. 12-2 at 124–25. After a sentencing hearing on February 16, 2017, the district court sentenced Sears to 120 months in prison for the carjacking conviction. Doc. 12-4; Doc. 1-2 at 2.

Sears appealed, arguing that the government presented insufficient evidence to prove she knowingly participated in the carjacking or that she knew one of her codefendants would use a gun. Doc. 12-8. On May 15, 2018, the Eleventh Circuit issued an opinion rejecting Sears's argument and affirming her conviction and sentence. *United States v. Sears*, 734 F. App'x 685, 686–87 (11th Cir. 2018). Assessing Sears's sufficiency claim under a plain error standard of review, the Eleventh Circuit found:

> Under 18 U.S.C. § 2, an individual can be punished for any specific crime if she "aids, abets, counsels, commands, induces or procures its commission." The government must prove three elements to convict under this theory: "(1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." *United States v. Williams*, 865 F.3d 1328, 1347 (11th Cir. 2017) (quoting *United States v. Camacho*, 233 F.3d 1308, 1317 (11th Cir. 2000)). The requisite evidence can be direct or circumstantial. *United States v. Sosa*, 777 F.3d 1279, 1293 (11th Cir. 2015).
>
> We conclude that ample evidence supported the inference that Sears intentionally aided and abetted the carjacking. Most significantly, Sears drove the Charger from which Jones emerged with the gun, then sped off to follow Jones and Robinson in the Grand Marquis afterward. Delivering up the assailant and driving the getaway car is the quintessential case of aiding and abetting a crime. *See, e.g., United States v. Thompson,* 610 F.3d 1335, 1338 (11th Cir. 2010); *United States v. Pendegraph*, 791 F.2d 1462, 1465-66 (11th Cir. 1986). What's more, the jury had plenty of evidence that far from being a dupe, Sears willingly played a central role in the scheme from the beginning. The evidence showed Sears pawned the Grand Marquis's title and leased the chrome rims well before the fraudulent sale to Allen, a transaction she herself consummated by signing the bill of sale. Sears was the one to inform Allen that the rims were leased, and, after Allen and Hinton made arrangements to meet again, Sears showed up at the Opelika gas station driving the other participants in the Charger. A jury could reasonably have inferred that someone so involved every step of the way would have intended to help Jones, Hinton, and Robinson recover the Grand Marquis by force.

> The evidence sufficed to find Sears guilty of aiding and abetting a carjacking. The district court committed no plain error in reaching that conclusion.

*Sears*, 734 F. App'x at 688.

On March 5, 2019, Sears, acting *pro se*, filed this § 2255 motion asserting the following claims:

1. Sears's counsel was ineffective for failing to seek to exclude evidence that Sears pawned the Mercury Grand Marquis' title several months before the vehicle was sold to victim Jeffrey Allen.

2. Sears's conduct did not meet the statutory definition of federal carjacking.

3. Sears's counsel was ineffective for failing to ensure that Sears's conduct was properly charged, because her actions "were not federal" but instead should have been prosecuted in state court.

Doc. 1 at 4–12.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that

could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.      Claims of Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369

(1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1. Counsel's Failure to Seek Exclusion of Evidence That Sears Pawned the Mercury Grand Marquis' Title

Sears claims her trial counsel was ineffective for failing to seek to exclude evidence that she pawned the title of the Grand Marquis automobile several months before the defendants sold the vehicle to victim Jeffrey Allen. Doc. 1 at 4–5. Sears maintains that the pawn loan, with the vehicle's title as collateral, was paid off three months before the defendants posted the ad to sell the vehicle. Doc. 1 at 4. She argues that the evidence about

7

her pawning of the vehicle's title unduly prejudiced her because "the jury could have inferred a negative perception of [her] based solely on this information." Doc. 1 at 4.

Notwithstanding Sears's claim, the record reflects that Sears's trial counsel twice objected, on grounds of relevance, to introduction of testimony from pawn shop employee Lisa Denae Johnson regarding the title pawn Sears took out on the Grand Marquis several months before the defendants sold the vehicle to Allen. Doc. 12-1 at 18–20. Counsel's objections were overruled. Doc. 12-1 at 18, 20. So, Sears's claim that her counsel failed to attempt to exclude the evidence is factually incorrect. Sears therefore does not show that her counsel's performance was professionally unreasonable, because counsel did not fail to do what Sears claims counsel failed to do. Sears is entitled to no relief on this claim of ineffective assistance of counsel.

Moreover, Sears does not demonstrate that the evidence regarding her pawning of the vehicle's title was unduly prejudicial, i.e., that the danger the evidence would unfairly prejudice her substantially outweighed the evidence's probative value. *See* Fed. R. Evid. 403. The government introduced the evidence to show Sears had a property interest in the Grand Marquis, the vehicle at the center of the defendants' carjacking scheme. It was clear from witness testimony that Sears pawned the vehicle's title in January 2014 and that she finished paying off the pawn loan in June 2014, three months before the defendants posted the ad to sell the vehicle. Doc. 12-1 at 19–20. Thus, this evidence tended to show that Sears had a property interest in the vehicle (plainly relevant) and that she reliably paid off her loans (hardly prejudicial).

If Sears's trial counsel failed to object to introduction of the evidence on the grounds urged by Sears, counsel's failure to object would not have been professionally unreasonable. Counsel is not ineffective for failing to raise a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Nor does Sears demonstrate prejudice. An objection to the evidence should not have succeeded, and indeed did not. Sears shows no reasonable probability that admission of this evidence undermined confidence in the outcome of her trial. *See Strickland*, 466 U.S. at 694.

For all the reasons stated above, Sears is entitled to no relief on this ineffective-assistance claim.

### 2. *Sears's Claim That Her Conduct Did Not Meet Statutory Definition of Federal Carjacking*

Sears claims her conduct did not meet the statutory definition of federal carjacking. Doc. 1 at 6–10. She recites what she says are the relevant facts and ultimately asserts that no carjacking occurred, arguing that hers is "simply a case that presents frustration with bad busines." Doc. 1 at 10.

At bottom, Sears's claim here is little more than an attempt to reargue the sufficiency of the evidence. A sufficiency-of-the-evidence claim was the entire basis of Sears's direct appeal. Doc. 12-8. The Eleventh Circuit held that the evidence sufficed to find Sears guilty of aiding and abetting a carjacking and that "ample evidence supported the inference that Sears intentionally aided and abetted the carjacking." *Sears*, 734 F. App'x at 688.

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir.

2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343. Sears cannot relitigate a sufficiency-of-the-evidence claim, which has already been decided against her by the Eleventh Circuit in her direct appeal. The claim is procedurally barred from further review in this proceeding.

In any event, the evidence was sufficient to sustain Sears's conviction under the federal carjacking statute. "To constitute carjacking under [18 U.S.C.] § 2119, the taking of a motor vehicle must be committed with the intent to cause death or serious bodily harm." *United States v. Fulford*, 267 F.3d 1241, 1244 (11th Cir. 2001) (quotation marks omitted). The intent element is met "where the government 'proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car.'" *Id*. (quoting *Holloway v. United States*, 526 U.S. 1, 11–12 (1999)). The government did not need to prove that Sears personally had the intent to seriously harm or kill Allen if necessary to steal the Grand Marquis because, to be convicted under an aiding and abetting theory, she did not personally need to "commit[ ] all the acts constituting the elements of the substantive crime aided." *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotation marks omitted). While the government needed to prove that "someone committed the substantive offense," *see id*., the trial evidence established that codefendant Delricco Ray Jones, the wielder of the gun, had the necessary intent. In *Fulford*, the Eleventh Circuit found sufficient evidence of intent to convict of carjacking where the

10

defendant put a gun to the victim's face and ordered him to get out of the car, and the victim testified that he feared for his life. 267 F.3d at 1244. Here, Jones pointed a gun at Allen and ordered him to get out of the vehicle, and Allen testified that he jumped from the vehicle because he feared for his life. Doc. 12-1 at 47–48. The evidence was sufficient for a reasonable jury to conclude that Jones had the conditional intent to kill or seriously harm Allen if necessary to steal the vehicle. *See Fulford,* 267 F.3d at 1244.

As for Sears's culpability for aiding and abetting, the Eleventh Circuit held that "ample evidence supported the inference that Sears intentionally aided and abetted the carjacking" and that, based on the evidence of Sears's conduct, the jury "could reasonably have inferred that someone so involved every step of the way would have intended to help Jones, Hinton, and Robinson recover the Grand Marquis by force." *Sears*, 734 F. App'x at 688.

Sears is entitled to no relief on this claim.

### 3. *Failure to Ensure That Sears's Conduct Was Properly Charged*

Finally, Sears argues that her counsel was ineffective for failing to ensure that her conduct was properly charged, because her "actions were not federal" but instead should have been prosecuted in state court. Doc. 1 at 11–12. In this regard, Sears asserts that "the district court was without jurisdiction to adjudicate and convict." Doc. 1 at 12.

As discussed above, the Eleventh Circuit held there was sufficient evidence to find that all the necessary elements were met to find Sears guilty of carjacking in violation of 18 U.S.C. § 2119. Sears cannot show she was prejudiced by the failure of her counsel to present a claim, whether at trial or on appeal, that her actions were "not federal" and should

11

instead have been prosecuted in state court. Nor does Sears support her conclusory assertion that the district court was without jurisdiction to adjudicate her case. Sears is entitled to no relief on this claim.

### III. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Sears be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **November 4, 2021.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of October, 2021.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE